UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VOIP-PAL.COM, INC., § <br> § <br> *Plaintiff,* § <br> § <br> v.  § <br> § <br> HUAWEI TECHNOLOGIES CO. § <br> LTD, et al., § <br> § <br> *Defendants.* § | Civil Action No. 3:23-CV-0151-X |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' motion for judgment on the pleadings. (Doc. 79, the "Motion"). Having carefully considered the underlying facts, the parties' arguments, and the applicable caselaw, the Court **DENIES** the Motion. (Doc. 79).

### I. Background

This is a patent infringement suit in which the Plaintiff, VoIP-Pal.com, Inc ("VoIP-Pal"), alleges that the Defendants, Huawei Technologies Co. Ltd., Huawei Technologies USA Inc., Huawei Device Co. Ltd., Huawei Device (Shenzhen) Co., Ltd., and Huawei Device USA Inc. (collectively "Huawei" or the "Defendants") have infringed multiple claims of two patents owned by the Plaintiff. The asserted patents are U.S. Patent No. 8,630,234 (the "'234 patent") and U.S. Patent No. 10,880,721 (the "'721 patent").

The '234 patent is titled "Mobile Gateway" and was issued by the USPTO on January 14, 2014. The '721 patent is titled "Mobile Gateway" and was issued by the USPTO on December 29, 2020. The application that resulted in the '721 patent is a

continuation of the application that resulted in the '234 patent. Therefore, the '234 patent and the '721 patent share the same specification, disclose the same sets of inventions, and are somewhat similar in the inventions claimed.

According to the patents, the disclosed inventions relate, in most general terms, to telecommunications.[1] More particularly, the disclosed inventions relate to methods and systems related to the initiation of a call from a mobile phone.[2] According to the patents, the disclosed inventions provide a novel manner of avoiding or reducing roaming or long-distance charges when a user desires to use a mobile phone.[3]

In the Motion, the Defendants assert that the asserted claims of both patents are invalid because the claims do not claim subject matter that is patent eligible under 35 U.S.C. § 101. The Defendants seek an order declaring all asserted claims as invalid and dismissing the patent infringement claims in this matter. The Defendants assert that the patent claims are invalid because they are directed toward abstract ideas without incorporating an inventive concept beyond the abstract ideas.

The Plaintiff responds that all of the patent claims at issue are not invalid for lack of claiming patent eligible subject matter. According to the Plaintiff, all of the claims are not directed toward abstract ideas or, if they are, contain inventive concepts that make the claimed inventions eligible for patent protection.

---

[1] '234 patent, 1:10–47.

[2] *Id.*

[3] *Id.*

2

## II. Legal Standard

When analyzing a Rule 12(c) motion, a court must take as true the plausible and nonconclusory factual allegations in the complaint and draw reasonable inferences from those allegations in favor of the plaintiff.[4] Therefore, a court's review is limited to the complaint, documents attached to the complaint, and documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[5]

A party may challenge patentability of patent claims under 35 U.S.C. § 101 based on the pleadings with a Rule 12(c) motion.[6] Patent eligibility under 35 U.S.C. § 101 is a question of law that may involve underlying factual determinations.[7] 35 U.S.C. § 101 patent eligibility may be resolved on a motion to dismiss when there are no factual allegations that prevent resolving the question as a matter of law.[8]

Section 101 of the Patent Act provides that whoever "invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefore[.]"[9] The Supreme Court has explained that Section 101 of the Patent Act does not extend to or allow the patenting of purely abstract ideas.[10] Therefore, purely abstract ideas are not

---

[4] *Bowbly v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012).

[5] *Lone Star Fund V (US), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

[6] *Nat. Alts. Int'l, Inc. v. Creative Compounds, LLC*, 918 F.3d 1338, 1342 (Fed. Cir. 2019).

[7] *SAP Am. v. InvestPic, LLC*, 898 F.3d 1161, 1166 (Fed. Cir. 2018).

[8] *Nat. Alts. Int'l*, Inc, 918 F.3d at 1342.

[9] 35 U.S.C. § 101.

[10] *Alice Corp. Pty Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2355 (2014).

patent eligible subject matter.[11]  To determine if a patent claims patent eligible subject matter, a court must perform a two part test.[12]  In the first step of the test, the court determines if the claim is directed toward ineligible subject matter, such as an abstract idea.[13]  If it is not, then it passes the test, and the analysis ends.[14]  If the claim is directed toward an abstract idea, then the court must examine the claim to see if the claim contains something else, such as an inventive concept, to ensure that the claim goes beyond implementation to the abstract idea.[15]

The court must consider the elements of each claim individually and as an order combination to determine if the additional elements transform the nature of the claim into patent eligible subject matter.[16]  Limiting a claim to a particular technological environment without more is insufficient to make a claim directed toward an abstract idea patent eligible.[17]  Implementing an abstract idea using conventional and well understood techniques, also, does not add an inventive concept that transforms application of an abstract idea into patent eligible subject matter. Likewise, methods of organizing human activity without an inventive concept and

---

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Nat. Alts. Int'l*, Inc, 918 F.3d at 1342.

[17] *Elec. Power Grp. LLC v. Alstom S.A.*, 830 F.3d 1350, 1354 (Fed. Cir. 2016).

implementation of abstract ideas on generic computer equipment without an inventive concept are abstract ideas that are not patent eligible subject matter.[18]

An issued patent and its claims shall be presumed to be valid and the burden of proof rests on a party asserting invalidity.[19] Invalidity of a patent or its claims must be proven by clear and convincing evidence.[20] The question of whether a claim element or combination of elements is well-understood, routine, and conventional to a skilled artisan in the relevant field is a question of fact that must be proven by clear and convincing evidence.[21] Allegations that that individual elements or the claimed combination are not well-understood, routine, or conventional activity can preclude granting a motion to dismiss.[22]

### III. Analysis

### A. The Record Before the Court

The Court first clarifies the record before the Court in relation to the Motion. Even though the Motion is a motion for judgment on the pleadings under Rule 12(c), the Defendants filed two declarations in support of the Motion. They are the Declaration of Dr. Robert Akl, D.Sc. and the Declaration of Mattew W. Cornelia.

The Plaintiff objects to the use of the Defendants' declarations in support of the Defendants' Motion because the declarations are outside of the pleadings in this

---

[18] *BSG Tech, LLC v. BuySeasons, Inc.*, 899 F.3d 1281, 1290–91 (Fed. Cir. 2018).

[19] 35 U.S.C. § 282.

[20] *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91 (2011).

[21] *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018).

[22] *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1317 (Fed. Cir. 2019).

matter. However, the Plaintiff also filed the Declaration of Dr. Danijela Cabric in support of its response to the Motion.

In addition, both the Plaintiff and the Defendants, have referred to and, in some instances, filed other materials outside of the pleadings in support of the Motion or the response to the Motion. These include citations and documents from multiple other cases in which VoIP-Pal.com was a party.

A motion under Rule 12(c) is a motion based on the pleadings in a matter.[23] If a party files a motion under Rule 12(c) and "matters outside of the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."[24]

The Court finds that, with the exception of copies of the patents in suit, matters outside of the pleadings have been presented to the Court in relation to the Motion. The Court declines to convert the Motion into a summary judgment motion. For these reasons, the Court excludes from consideration the entirety of the Appendix to Plaintiff VoIP-Pal.com's Opposition to Defendants' Motion for Judgment on the Pleadings (Doc. 106) and the entirety of the Appendix to Defendants' Motion for Judgment on the Pleadings, except for copies of the patents in suit.

To the extent that the rulings of other Courts are included within the Plaintiff's or Defendants' appendices and are provided for propositions of law, the Court gives due consideration to such propositions of law.

---

[23] Fed. R. Civ. P. 12(c).

[24] Fed. R. Civ. P. 12(d).

## B. The Claims at Issue

The Plaintiff has asserted infringement of claims 1, 10, 11, 19–22, 24, 25, 28, 30–33, 35, 37–40, 43, 45–48, 51, 53, 54, 61, 62, 64, 65, 70, 72, and 75 of the '234 patent and claims 1, 6, 15, 16, 20, 25, 34, 38, 39, 43, 45, 46, 49–51, 63, 67, 77, 103, 104, 109, 110, 124, 130, 135, 136, and 138–140 of the '721 patent.

In the Motion, the Defendants have selected claim 1 of the '234 patent and have alleged that this claim is representative of all of the other asserted claims of both the '234 patent and the '721 patent. The Defendants, therefore, have only presented a 35 U.S.C. § 101 analysis for claim 1 of the '234 patent. As to all of the other asserted claims, the Defendants rely on the assertion that claim 1 of the '234 patent is representative and that the 35 U.S.C. § 101 analysis of claim 1 of the '234 patent applies equally to all other claims. The Plaintiff has objected to the Defendants' characterization of claim 1 of the '234 patent being representative of all of the asserted claims in this matter.

When considering subject matter eligibility under 35 U.S.C. § 101, a Court may consider a representative claim and apply that analysis to other claims that are represented by the representative claim.[25] In these cases, if the representative claim is not patentable, then the claims represented by the representative claim are also not patentable.[26] However, the representative claim must truly represent the other claims to which the 35 U.S.C. § 101 analysis is to be applied.[27] A claim may be treated

---

[25] *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018).

[26] *Id.*

[27] *Id.*

7

as representative of another claim if the parties agree to do so or if the patentee does not present meaningful argument as to why the purported representative claim is not actually representative.[28]

The Court finds that claim 1 of the '234 patent, as alleged in the Motion, is not representative of claims 10, 11, 19–22, 24, 25, 28, 30–33, 35, 37–40, 43, 45–48, 51, 53, 54, 61, 62, 64, 65, 70, 72, and 75 of the '234 patent and claims 1, 6, 15, 16, 20, 25, 34, 38, 39, 43, 45, 46, 49–51, 63, 67, 77, 103, 104, 109, 110, 124, 130, 135, 136, and 138–140 of the '721 patent because the parties have not agreed to treat this claim as representative and the Plaintiff has produced meaningful argument as to why this claim is not representative.

As the Plaintiff points out, the Defendants do not provide a full analysis of why all of these claims are represented by claim 1 of the '234 patent, only address limited examples of claims that it asserts are representative, and ignore critical differences in the nature of the various patent claims.

Claim 1 of the '234 patent is a method claim that is written from the perspective of a claim that is performed on the mobile phone side of the invention.[29] Other claims that the Defendants assert are represented by this claim differ in the nature and type of claim. For example, claim 30 of the '234 patent and its dependent claims change the perspective of the claim from the mobile phone side of the inventions to the server side of the inventions and include certain limitations specific

---

[28] *Id.*

[29] '234 patent at 34:35–57.

to server operations.[30]  The asserted claims also include a number of means plus function claims, which make it even more clear that claim 1 of the '234 patent is not representative of these claims in light of the Defendants invalidity arguments.  For example, claims 46 of the '234 patent and its dependent claims are means plus function claims.[31]  The essence of the Defendants' argument is that all of the asserted claims contain only functional language to describe what is done, but the claims all lack a description of how things are done.  According to the Defendants, since all of the claims contain the same broad functional elements, claim 1 of the '234 patent represents all of the asserted claims.

This argument does not make sense in relation to the means plus function claims in particular.  Means plus function claiming is an allowed claiming method.[32]  When a patentee chooses to use means plus function claiming, the patentee is not required to recite structure that performs the claimed function.[33]  The means plus function claim elements are only required to recite a function along with the words "means for" or some other equivalent phrase.[34]  The structure that performs this function is limited to the structures that are disclosed in the specification and their equivalents.[35]  In other words, the claims, by design, only recite a function.  The claims do not have to recite the structure, which tells us how the functions are

---

[30] '243 patent at 38:5–39:45.

[31] '234 patent 39:31–40:62.

[32] 35 U.S.C. 112(f); *See Dyfan, LLC v. Target Corp.*, 28 F.4th 1360, 65–66 (Fed. Cir. 2022).

[33] *Id*.

[34] *Id*.

[35] *Id*.

performed.[36]  The recitation of pure functions without structures is the crux of the Defendants' argument in support of the Defendants' invalidity contentions.  This approach does not make sense in relation to the means plus function claiming elements and supports the conclusion that the means plus function claims are not represented by claim 1 of the '234 patent.

The Court has also examined the asserted claims of the '721 patent.  The claims that the Defendants asserted are represented by claim 1 of the '721 patent suffer from the same problems identified in relation to the claims of the '234 patent.

Since the Plaintiff has presented compelling argument that claim 1 of the '234 patent is not representative of all of the other asserted claims, the Court declines to analyze claims that are not represented by claim 1 of the '234 patent and that are not fully analyzed in the Defendants' Motion.  In other words, the Court limits its ruling herein to claim 1 of the '234 patent.

### C. Claim 1 of the '234 Patent

Claim 1 of the '234 patent reads as follows:

A method of roaming with a mobile telephone, the method comprising: receiving, from a user of the mobile telephone, a callee identifier associated with the callee; transmitting an access code request message to an access server to seek an access code from a pool of access codes wherein each access code in said pool of access codes identifies a respective telephone number or Internet Protocol (IP) network address that enables a local call to be made to call the callee identified by the callee identifier, said access code request message including said callee identifier and a location identifier separate and distinctive from said callee identifier, said location identifier identifying a location of the mobile telephone; receiving an access code reply message from the access server in response to said access code request message, said

---

[36] *Id*.

> access code reply message including an access code different from said callee identifier and associated with said location identifier and/or associated with a location pre-associated with the mobile telephone and wherein said access code expires after a period of time; and initiating a call with the mobile telephone using said access code to identify the callee.[37]

As the specification describes, the disclosed inventions include methods of initiating a telephone call from a mobile phone in a manner to avoid or reduce roaming or long-distance charges.[38] The patent explains that when a user of a mobile phone is located in certain areas and wants to call a particular number from that location, this might result in the user incurring roaming or long distance fees.[39] According to the specification, the disclosed inventions solve this problem by providing a local connection for the mobile phone user.[40] The local connection is associated with the phone number or callee identifier that the mobile phone user wants to contact, but the local connection prevents or reduces roaming or long distance charges.[41] The invention allows the mobile phone to initiate a call with a local number, and, since that local number has been associated with the callee's identifier, establish a connection with the callee.[42]

In the Motion, the Defendants assert that claim 1 of the '234 patent does not claim patent eligible subject matter as defined by 35 U.S.C. § 101 because the claim

---

[37] '234 patent at 34:35–57.

[38] *See* '234 patent at 8:29–10:5, 11:23–57, 12:6–13:9, 20:23–59, 21:54–45.

[39] *Id.*

[40] *Id.*

[41] *Id.*

[42] *Id.*

merely recites an abstract idea without any inventive concept. This issue is analyzed using the guiding principles announced in *Alice* and subsequent cases. Under *Alice*, this is a two-part test.[43] For step one of the analysis, the Court considers whether the claims are directed toward an abstract idea.[44] If the claim is not directed toward an abstract idea, then the claim addresses patent eligible subject matter.[45] If the claim is directed toward an abstract idea, then the analysis proceeds to the second step of *Alice*, which is to determine if the claim contains something more or an inventive concept that prevents the claim from purely claiming the abstract idea.[46] If the claim contains this inventive concept, then it addresses patent eligible subject matter.[47] If not, then the claim is invalid because it attempts to claim a purely abstract idea.[48]

The Defendants assert that claim 1 of the '234 patent is directed toward the abstract idea of routing a communication based on characteristics of the participant. The Defendants argue that the claim is directed toward an abstract idea because the claim merely recites broad functional language, the claim recites functions that are routine call routing practices, and the routine functions are accomplished with well-known technology. The Defendants essentially equate the claim to the well-known and routine practices for routing telephone calls. The Defendants argue that, since

---

[43] *Alice Corp. Pty Ltd.*, 134 S. Ct. at 2355 (2014).

[44] *Id.*

[45] *Id.*

[46] *Id.*

[47] *Id.*

[48] *Id.*

the claims are so broadly written in functional language, that the claim limitations do nothing more than recite steps that have been performed in routing calls that have existed for decades. The Defendants analogize the claim steps to a switchboard operator connecting a telephone call where a switchboard operator would, when the operator received an incoming call request, determine if the call should be routed to a local number or to another switchboard operator that was local to the callee. The Defendants also analogize the claim to the well-known use of a calling card to avoid long distance charges. The Defendants assert that the claim does nothing more than to recite the well-known steps of these processes and to implement them with a computer.

The Court finds that the Defendants have not shown by clear and convincing evidence that the claims are directed toward an abstract idea because the claims are broad functional claims that merely implement well known or routine practices with a computer. Based on the record before the Court, this is assertion is not apparent. On the other hand, the record before the Court more likely indicates that the claim captures an asserted technological improvement in the function of initiating a phone call from a mobile phone to avoid or reduce roaming or long-distance charges to the user of the mobile phone.[49] In other words, the claim appears to capture the inventors' claimed technological improvement. Claims that capture an inventor's

---

[49] *See* '234 patent at 8:29–10:5, 11:23–57, 12:6–13:9, 20:23–59, 21:54–45, 34:35–57.

technological improvement to an existing technological process and to computer technology may be patent eligible.[50]

The Court is particularly not persuaded by the Defendants' argument that the claim recites mere routine practices akin to switchboard operations that are performed by a computer. From the record before the Court, this appears to misrepresent the claimed invention and the asserted technological improvement. As described in the specification, the invention does not merely involve the routing of phone calls like a switchboard operator would do. Instead, the invention involves the initiation of a phone call from a mobile phone.[51] This includes a determination of what the best manner would be to initiate the phone call to avoid roaming or long-distance charges.[52] To accomplish this, the invention includes the steps of requesting and receiving an access code from a server.[53] The access code identifies a number that is local to the mobile phone and is associated with the callee.[54] The call is then initiated using the access code, as opposed to directly initiating the call using the callee's phone number.[55] This appears to be the invention and technological improvement captured by claim 1 of the '234 patent, which precludes granting a motion to dismiss at this stage of the case.[56]

---

[50] *Koninklike KPN N.V. v. Gemalto M2M GmbH*, 942 F.3d 1143, 1150–51 (Fed. Cir. 2019).

[51] *See* '234 patent at 8:29–10:5, 11:23–57, 12:6–13:9, 20:23–59, 21:54–45.

[52] *Id.*

[53] *Id.*

[54] *Id.*

[55] *Id.*

[56] '234 patent at 24:35–57; *see Cellspin Soft, Inc.*, 927 F.3d at 1317.

This is also appears to be distinctly different than the Defendants' switchboard analogy. In the switchboard analogy, the call after initiation is routed in the appropriate manner to make the desired connection without consideration of whether or not the call initiated as a long-distance call or a local call and without consideration of whether or not the call was initiated using the callee's phone number or using an access code.

From the record before the Court, the Defendants' analogy of the claim to use of a calling card appears to be more closely related to the claimed invention. However, the evidence before the Court still does not meet the Defendants' burden of proof to show that the claimed invention merely uses computers to perform the well-known functions associated with the use of a calling card to avoid long distance charges. On the other hand, the evidence before the Court indicates that the claimed invention is a new method, unique from the use of a calling card, to achieve the same results.[57] The specification, in the background section, mentions the use of calling cards for this purpose, but it does not equate the claimed invention with the use of calling cards or even claim to be an improvement related to the use of calling cards. Instead, the claimed invention purports to be a new and entirely different method of initiating a phone call to avoid roaming or long-distance charges without using a calling card.

For these reasons, the Court cannot conclude that the Defendant has met its burden of proof, with the record before the Court, for the Court to find that that claim

---

[57] *See* '234 patent at 8:29–10:5, 11:23–57, 12:6–13:9, 20:23–59, 21:54–45; *See Cellspin Soft, Inc.*, 927 F.3d at 1317.

1 of the '234 patent is not is directed toward a purely abstract idea and does not capture a claimed improvement in the manner in which a mobile telephone call is initiated.

Because the Defendants have not shown that claim 1 of the '234 patent does not pass the first step of the *Alice* test, it is unnecessary for the Court to perform the second step of the *Alice* test.

### IV. Conclusion

Because the Defendants have not shown that claim 1 of the '234 patent is representative of all of the asserted claims in this matter, the Court limits its analysis and order herein to claim 1 of the '234 patent.  Since the Defendants have not shown, on the record before the Court, that claim 1 of the '234 patent is purely abstract and does not capture an asserted improvement in the art, the Court declines to hold that claim 1 of the '234 patent claims subject matter that is ineligible under 35 U.S.C. § 101.

For these reasons, the Court **DENIES** the Motion.  (Doc. 79).

**IT IS SO ORDERED** this 30th day of April, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE